# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.O. *INDIVIDUALLY AND, BY AND THROUGH HIS LEGAL GUARDIAN, CHRISTINE CORRIGAN* : : : : : v. : : UNIVERSAL HEALTH : SERVICES, INC., *et al.* : | CIVIL ACTION No. 24-4322 |

**McHUGH, J.**                                                                                         **February 19, 2025**

## MEMORANDUM

This is a removal case with forum defendants. Defendants Universal Health Services, Inc. (UHS) and Universal Health Services of Delaware, Inc. (UHSD) executed a "snap" removal pursuant to *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, where the Third Circuit concluded that the forum defendant rule "precludes removal on the basis of in-state citizenship *only when the defendant has been properly joined and served*." 902 F.3d 147, 152 (3d Cir. 2018) (emphasis added); 28 U.S.C. § 1441(b)(2).

Plaintiff has moved to remand. The motion turns on whether UHS and UHSD – both of which are citizens of Pennsylvania[1] – were properly served before the case was removed. The parties were granted leave to conduct discovery, and an evidentiary hearing followed. I conclude from a preponderance of the evidence that UHS and UHSD were properly served before the removal notice was filed, rendering removal improper.

---

[1] UHS and UHSD are citizens of both Delaware and Pennsylvania. Both entities are incorporated in Delaware but have a principal place of business in Pennsylvania. ECF 1 at ¶¶ 16-17.

I.  **Background**

On July 18, 2024, Plaintiff filed suit in the Court of Common Pleas of Philadelphia.  On August 8, Plaintiff made what he presumed to be proper service upon Defendants UHS and UHSD by sending a process server to Friends Hospital, a subsidiary of UHS in Philadelphia.  Ten days thereafter, UHS and UHSD removed the case,[2] asserting that such removal was proper at the time because Plaintiff's attempted service of UHS and UHSD at Friends Hospital was legally insufficient.  On the record before me, I find that UHS and UHSD were properly served at Friends Hospital before the case was removed.[3]  Because UHS and UHSD are citizens of Pennsylvania, the forum defendant rule precludes removal.

II.  **Discussion**

Pennsylvania Rule of Civil Procedure 424 governs service of process on corporations.  Under Rule 424, a plaintiff may effectuate service on: "(1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it."  Pa. R. Civ. P. 424.  Plaintiff here bears the burden of proof as to validity of service.  *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993) ("the party asserting the validity of service bears the burden of proof on that issue.").  To satisfy this burden, Plaintiff must establish by a preponderance of the evidence – "through affidavits, depositions, and oral

---

[2] UHS and UHSD did not need the consent of the other Defendants – two of which were also forum defendants – because they had not yet been served. *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 128 n.1 (3d Cir. 2022). This path for removal followed from Congress' 2011 amendments to the statute. *See Moore v. City of Philadelphia*, No. 12-3823, 2012 WL 3731818, at *3 (E.D. Pa. Aug. 29, 2012).

[3] The parties were granted 60 days to conduct discovery, and an evidentiary hearing followed on January 22, 2025.

testimony" – that service was proper. *State Farm Mut. Auto. Ins. Co. v. Tz'doko V'Chesed of Klausenberg*, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008) (citations omitted).

Plaintiff contends that service was proper under Rule 424(2). Specifically, he argues that his process server, Joseph Tinari Jr., handed a copy of the Complaint to Ore'l Thompson – the "person for the time being in charge" of premises where UHS conducts business. The Third Circuit has defined "a person for the time being in charge" as either "an individual with some direct connection to the party to be served or one whom the process server determines to be authorized, on the basis of her representation of authority, as evidenced by the affidavit of service." *Grand Ent. Grp.*, 988 F.2d at 486 (defining the phrase with respect to Pennsylvania Rule of Civil Procedure 402). The individual "should either derive or appear to derive authority from the party upon whom service is attempted." *Id.*; *Grieb v. JNP Foods, Inc.*, No. 15-1575, 2016 WL 8716262, at *3 (E.D. Pa. May 13, 2016) (applying the *Grand Ent. Grp.* definition to Rule 424(2)).

I am satisfied that Plaintiff met the requirements of Rule 424(2). Mr. Tinari asserts that, upon his request, Ore'l Thompson identified herself as the Director of Risk Management for UHS and UHSD, and represented to Mr. Tinari that she was authorized to accept service on behalf of UHS and UHSD. *See* Hearing Tr. at 69:7–21; 75:8–11; 76:7–10, ECF 30. There is conflicting testimony from the witnesses, but I judge Mr. Tinari to have been more credible and forthright in his answers, whereas Ms. Thompson's testimony seemed stilted and well-rehearsed. Mr. Tinari was clear that he was there to serve the Universal entities. *Id.* at 69:15–21. Ms. Thompson acknowledged that she was aware that Friends Hospital not the only site operated by UHS and UHSD , and understood there was a connection between Friends and Foundations, the facility named in the Complaint served . *Id.* at 58:20–59:10. But she took care in testifying not to reveal that when she scanned and sent the papers to what she described as "in-house counsel" for "Friends

3

Hospital" – *id.* at 55:24–56:9; 48:9–10 – it was in fact UHSD to whom she sent the documents. *Id.* at 130:15–131:12; 134:5–12; 135:14–20. This detail, which Thompson carefully avoided in her testimony, only became clear upon subsequent questioning of UHSD's associate general counsel, Benjamin Waters. *Id.*

Ms. Thompson also testified that she realized she had mistakenly accepted the documents on her way back to her office – and that she tried to stop Mr. Tinari, who took pains to avoid her. *Id.* at 20:12–22; 38:9–16; 47:16–48:10. But that is inconsistent with her decision to scan the documents and send them to UHSD. And although the linchpin for Ms. Thompson's testimony is that she was misled because she was handed the documents in an envelope marked "Friends Hospital" – *id.* at 47:8–15; 54:25–55:1 – that envelope was not scanned or retained with the papers served. *Id.* at 59:11–22.

Finally, one part of Mr. Waters' testimony undercuts the defense narrative that there was an absolute prohibition against any individual facility accepting service on behalf of UHS or USHD. When asked if the parent entities relied on the operating facilities to accept service, he responded, "ideally no" and went on to characterize it as a "preference" for service at corporate headquarters or through a registered agent. *Id.* at 132:6–11.

Taking the record as a whole, I am satisfied that Ms. Thompson represented herself as authorized to accept service on behalf of UHS and UHSD.

The record also substantiates that Friends Hospital is a regular place of business or activity of UHS and UHSD. Friends Hospital is a subsidiary of UHS, and UHSD (which is also a subsidiary of UHS) provides professional and administrative services to Friends Hospital,

4

including legal,[4] marketing, human resources, and training services, through which UHSD derives a financial benefit. *Id.* at 32:20–22; 99:6–11; 129:1–130:14; 133:24–134:3.

### III.   Conclusion

In sum, because Plaintiff properly effectuated service on UHS and UHSD under Rule 424(2) before removal, the forum defendant rule precludes removal of this case, warranting remand.

                                                                        /s/ Gerald Austin McHugh
                                                                   United States District Judge

---

[4] As noted above, upon receipt of service, Ms. Thompson forwarded the Complaint to UHSD's legal department. Hearing Tr. at 130:15–131:12; 134:5–12; 135:14–20.